UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ESTATE OF JOHN P. CONTOS, by and through its Personal Representative ALLEN MENARD, <br><br> Plaintiff(s), <br><br> vs. <br><br> ANHEUSER-BUSCH COMPANIES, INC., <br><br> Defendant(s). | Case No. 4:09CV998 JCH |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Petition, filed August 26, 2009. (Doc. No. 16). The matter is fully briefed and ready for disposition.

### **BACKGROUND**[1]

John P. Contos, a former employee of Defendant Anheuser-Busch Companies, Inc. ("Anheuser-Busch"), passed away on November 4, 2008. (Compl., ¶¶ 1, 3). At all relevant times Mr. Contos was a participant in the Anheuser-Busch Deferred Income Stock Purchase and Savings Plan (the "Plan"). (Id., ¶ 3). Plaintiff herein is a beneficiary of the benefits arising from Mr. Contos' participation in the Plan. (Id., ¶ 4).

On or about December 15, 2008, Plaintiff Estate of John P. Contos, by and through its Personal Representative, Mr. Allen W. Menard ("Plaintiff"), contacted Sue Vierling, an Anheuser-Busch human resources manager, for the purpose of obtaining the proceeds due and owing to Plaintiff from Defendant as a result of the death of Mr. Contos and corresponding termination of his

---

[1] The Court's background section is taken from Plaintiff's First Amended Petition ("Complaint" or "Compl."), to which Defendant has not yet filed an Answer.

participation in the Plan. (Compl., ¶ 5). Sue Vierling advised Plaintiff to contact Maria Greenwell, which Plaintiff did on December 16, 2008. (Id., ¶ 6). That same day, Plaintiff hand-delivered the certificate of death of Mr. Contos, together with the personal representative documentation, to Ms. Greenwell, who allegedly advised that her processing of the claim would take between two and three weeks to complete. (Id., ¶ 7). Plaintiff requested copies of any pertinent Plan documentation to which he was entitled, as well as the payout check, and again was advised that the documentation and check request processing would take approximately two to three weeks. (Id., ¶ 8).

According to Plaintiff, Defendant failed and refused to distribute to Plaintiff the Plan distribution/proceeds until March 5, 2009, nearly three months after the initial request was made. (Compl., ¶ 13a). Defendant further failed or refused to comply with Plaintiff's request for information within thirty days of the date of such request. (Id., ¶ 13b). As a result of these failures, Plaintiff alleges the payout/distribution received by Plaintiff was $134,496.68 less than it would have and/or should have been, had Defendant complied with its statutory obligations. (Id., ¶ 14).

Plaintiff filed his original Petition in the Circuit Court of St. Louis County, claiming negligence and breach of fiduciary duty. (Doc. No. 6). After Defendant removed the case to this Court on the basis of ERISA preemption, Plaintiff filed the instant Complaint on August 5, 2009, alleging Defendant's untimely payment served to breach its fiduciary duty to Plaintiff under ERISA (Count I); constituted negligence under the federal common law (Count II); and resulted in a breach of the contractual terms of the Plan (Count III). As relief, Plaintiff seeks damages in the amount of $134,496.68, plus a $100.00 per day statutory penalty for Anheuser-Busch's alleged failure timely to deliver the Plan documentation.

As stated above, Defendant filed the instant Motion to Dismiss on August 26, 2009, asserting Count I of Plaintiff's Complaint for breach of fiduciary duty under ERISA fails to state a claim, and Counts II and III for negligence and breach of contract are preempted by ERISA. (Doc. No. 16).

**STANDARD FOR MOTION TO DISMISS**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The Complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

**DISCUSSION**

**I.     ERISA Claims**

According to the United States Supreme Court, "ERISA is a comprehensive and reticulated statute, the product of a decade of congressional study of the Nation's private employee benefit system." Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 209, 122 S.Ct. 708, 151

L.Ed.2d 635 (2002) (internal quotations and citations omitted). The Supreme Court thus repeatedly has emphasized its reluctance "'to tamper with [the] enforcement scheme' embodied in the statute by extending remedies not specifically authorized by its text." Id. (quoting Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 147, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985)). Further, under Eighth Circuit law, "[v]ague notions that ERISA's purpose would be defeated if recovery was limited are inadequate to overcome the basic words of the statute." Knieriem v. Group Health Plan, Inc., 434 F.3d 1058, 1061 (8th Cir.) (citations omitted), cert. denied, 548 U.S. 905 (2006).

ERISA's civil enforcement provision, located in section 1132, lists six types of civil actions that may be pursued for violations of the statute. Knieriem, 434 F.3d at 1061 (citation omitted). The present action was brought pursuant to sections 1132(a)(2), 1132(a)(3), and 1132(c)(1). The Court will address the claims in turn.

### A.   29 U.S.C. § 1132(a)(2)

Section 1132(a)(2) allows a civil action to be brought, "by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title." 29 U.S.C. § 1132(a)(2). Section 1109 in turn provides in relevant part as follows:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a).

In Massachusetts Mut. Life Ins. Co v. Russell, the Supreme Court held that §1132(a)(2) provided relief only for the plan itself, not for individual beneficiaries. Russell, 473 U.S. at 142 ("A fair contextual reading of the statute makes it abundantly clear that its draftsmen were primarily

L.Ed.2d 635 (2002) (internal quotations and citations omitted). The Supreme Court thus repeatedly has emphasized its reluctance "'to tamper with [the] enforcement scheme' embodied in the statute by extending remedies not specifically authorized by its text." Id. (quoting Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 147, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985)). Further, under Eighth Circuit law, "[v]ague notions that ERISA's purpose would be defeated if recovery was limited are inadequate to overcome the basic words of the statute." Knieriem v. Group Health Plan, Inc., 434 F.3d 1058, 1061 (8th Cir.) (citations omitted), cert. denied, 548 U.S. 905 (2006).

ERISA's civil enforcement provision, located in section 1132, lists six types of civil actions that may be pursued for violations of the statute. Knieriem, 434 F.3d at 1061 (citation omitted). The present action was brought pursuant to sections 1132(a)(2), 1132(a)(3), and 1132(c)(1). The Court will address the claims in turn.

### A.   29 U.S.C. § 1132(a)(2)

Section 1132(a)(2) allows a civil action to be brought, "by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title." 29 U.S.C. § 1132(a)(2). Section 1109 in turn provides in relevant part as follows:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a).

In Massachusetts Mut. Life Ins. Co v. Russell, the Supreme Court held that §1132(a)(2) provided relief only for the plan itself, not for individual beneficiaries. Russell, 473 U.S. at 142 ("A fair contextual reading of the statute makes it abundantly clear that its draftsmen were primarily

concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary."); see also Adamson v. Armco, Inc., 44 F.3d 650, 654 n. 3 (8th Cir.) (internal quotations and citation omitted) ("Section [1132(a)(2)] does not authorize any relief except for the plan itself."), cert. denied, 516 U.S. 823 (1995).

In the instant case, Plaintiff admittedly is pursuing only claims for individual relief. (Compl., ¶ 15). In his response, however, Plaintiff cites to LaRue v. DeWolff, Boberg & Associates, Inc., 128 S.Ct. 1020 (2008), for the proposition that "Russells' emphasis on protecting the 'entire plan' from fiduciary misconduct reflects the former landscape of employee benefit plans." (Plaintiff's Memorandum of Law in Response to Defendant's Motion to Dismiss Plaintiff's First Amended Petition ("Plaintiff's Opp."), P. 5, quoting LaRue, 128 S.Ct. at 1025). According to Plaintiff, pursuant to LaRue that landscape has changed sufficiently to permit recovery of the type sought by Plaintiff here. (Plaintiff's Opp., P. 5).

Upon consideration, the Court disagrees. Rather, the Court agrees with other district courts considering the issue, that, "*LaRue* did not alter the law in *Russell* (or the plain wording of § 1109(a)) that any recovery under ERISA § [1132(a)(2)] against the breaching fiduciary must be paid to the plan, and not to individual participants."[2] Cook v. Campbell, 2008 WL 2039501 at *4 (M.D. Ala. May 12, 2008) (citation omitted). See also Clark v. Feder Semo & Bard, P.C., 560 F.Supp.2d 1, 3 (D.D.C. 2008) (same). As noted above, Plaintiff here seeks relief in the form of "restitution" paid directly to himself, not to the Plan. (Compl., ¶ 15). The remedy requested by Plaintiff thus is foreclosed by Russell and LaRue, and so his claim under 29 U.S.C. § 1132(a)(2) must be dismissed. Cook, 2008 WL 2039501 at *4.

---

[2] The plaintiff in LaRue expressly requested recovery to be paid into his plan account. Id. at 1023.

### B. 29 U.S.C. § 1132(a)(3)

Section 1132(a)(3) allows a civil action to be brought, "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). According to the Eighth Circuit, "[t]his section permits plan participants and beneficiaries to 'seek equitable remedies in [their] individual capacit[ies] for a breach of fiduciary duty not specifically covered by the other enforcement provisions of section 1132.'" Pichoff v. QHG of Springdale, Inc., 556 F.3d 728, 731 (8th Cir. 2009) (quoting Kerr v. Charles F. Vatterott & Co., 184 F.3d 938, 943 (8th Cir. 1999) (citations omitted)). The issue before this Court thus is whether the relief sought by Plaintiff constitutes "other appropriate equitable relief." Id.

Under section 1132(a)(3), recovery is limited to "classic" equitable remedies, "'such as injunctive, restitutionary, or mandamus relief, and does not extend to compensatory damages.'" Knieriem, 434 F.3d at 1061 (quoting Kerr, 184 F.3d at 943). The relief sought by Plaintiff here, i.e., restitution, can be equitable or compensatory, depending upon the origin of the award sought. Id. (citation omitted).

> Equitable restitution seeks to impose a constructive trust or equitable lien on particular funds or property in the defendant's possession. Thus, monetary relief in the form of restitution is generally available only if the action seeks not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession. To determine whether a plaintiff requests legal or equitable relief, we ask whether the value of the harm done that forms the basis for the damages is measured by the loss to the plaintiff or the gain to the defendant, and whether the money sought is specifically identifiable as belonging in good conscience to the plaintiff.

Pichoff, 556 F.3d at 731-32 (internal quotations and citations omitted).

Upon consideration, the Court finds the requested relief in the instant case is in the nature of

legal relief, "because it seeks to impose personal liability on the defendant, is measured by the plaintiff's loss[3], and does not involve traceable funds that belong to the plaintiff and are being unlawfully held by the defendant." Calhoon v. Trans World Airlines, Inc., 400 F.3d 593, 598 (8th Cir. 2005). See also Kerr, 184 F.3d at 944-45 (holding the difference between what Plaintiff hypothetically could have earned on the funds in his 401(k) account and what the plan actually earned during the three and one half year delay between request and disbursement constituted compensatory damages rather than restitution); Lester v. Advanced Environmental Recycling Technologies, Inc., 248 Fed.Appx. 492, 496-97 (5th Cir. 2007) (holding compensatory and punitive damages for defendant's delay in paying Plan benefits are not available under civil remedy provisions of ERISA); Knieriem, 434 F.3d at 1064 ("Merely re-labeling the relief sought as 'restitution' or 'surcharge' does not alter the nature of a remedy from monetary to equitable."). Plaintiff's requested relief thus is not recoverable as "appropriate equitable relief" under ERISA section 1132(a)(3), and so this portion of Defendant's Motion to Dismiss must be granted. Kerr, 184 F.3d at 945.

### C. 29 U.S.C. § 1132(c)(1)

Section 1132(c)(1) provides in relevant part as follows:

> Any administrator....who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary....by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal....

29 U.S.C. § 1132(c)(1)(B). In his Complaint, Plaintiff does not specify the Plan documents at issue in his request of December 16, 2008. (Compl., ¶ 8). Under Eighth Circuit law, however, "[f]or a

---

[3] Despite Plaintiff's conclusory allegation to the contrary (Compl., ¶ 15), the Court finds no indication that Defendant benefitted from the delay in processing Plaintiff's request for distribution. Pichoff, 556 F.3d at 732.

claim for statutory penalties under ERISA [section 1132(c)(1)(B)], a plaintiff must prove that: '1) he requested the [plan document] *in writing*, and 2) [Defendant] failed to provide it.'" Michael v. American Intern. Group, Inc., 2008 WL 4279582 at *5 (E.D. Mo. Sep. 15, 2008) (emphasis added) (quoting Kerr, 184 F.3d at 947).

The Court's review of the record reveals it is undisputed Plaintiff did not request Plan documents in writing. Statutory penalties under section 1132(c)(1) thus are not available, and so this portion of Defendant's Motion to Dismiss must be granted.

## II. Federal Common Law Claims Of Negligence And Breach Of Contract

"ERISA explicitly preempts state laws relating to employee benefit plans." Wilbers v. Moneta Group Inv. Advisors, Inc., 2006 WL 1360866 at *1 (E.D. Mo. May 17, 2006). As such, any claim for negligence or breach of contract arising under Missouri statutory or common law would be preempted by ERISA. Id. at *5; see also Noel v. Laclede Gas Co., 612 F.Supp.2d 1061, 1066-1067 (E.D. Mo. 2009); In re Express Scripts, Inc., 2008 WL 1766777 at *11-12 (E.D. Mo. Feb. 6, 2008).

In an apparent attempt to avoid such preemption, Plaintiff fashions his claims as arising under federal common law. (Compl., ¶ 18; Plaintiff's Opp., PP. 8-9). "The Supreme Court has recognized that Congress intended for the federal courts to develop a federal common law of rights and obligations under ERISA-regulated plans." Administrative Committee of Wal-Mart Stores, Inc. Assoc. Health and Welfare Plan v. Shank, 500 F.3d 834, 837 (8th Cir. 2007) (internal quotations and citation omitted), cert. denied, 128 S.Ct. 1651 (2008).

> But the Court nonetheless has proven reluctant to tamper with an enforcement scheme crafted with such evident care as the one in ERISA, and has declined to create remedies beyond those Congress expressly authorized. In view of this cautious approach, [the Eighth Circuit] generally adopt[s] new rules of federal common law only if they are necessary to fill gaps left by the express provisions of ERISA and to effectuate the purposes of the statute.

Id. (internal quotations and citations omitted).

Upon consideration, the Court will not permit Plaintiff's federal common law negligence and breach of contract claims to go forward, as they are necessary neither to fill gaps left by the express provisions of ERISA, nor to effectuate its purposes. Shank, 500 F.3d at 837. Rather, Plaintiff can and did bring the claims, albeit unsuccessfully, as ones for breaches of fiduciary duty under ERISA itself. See Board of Trustees of Cedar Rapids Pediatric Clinic, P.A., Pension Plan v. Continental Assur. Co., 690 F.Supp. 792, 795 (W.D. Ark. 1988) (citation and footnote omitted) ("Certainly the court in *Kuntz* [*v. Reese*, 760 F.2d 926 (9th Cir. 1985)] did not hold that the allegations in question stated federal causes of action *separate* from those stated under ERISA, and if that is the argument the plaintiffs are making here, this court declines to accept it. However, following the reasoning used in *Kuntz*, this court finds that the plaintiff's allegations as to common-law claims based on breach of contract and negligence state a claim under ERISA for breach of fiduciary duty."); Noel, 612 F.Supp.2d at 1067 (same). Counts II and III of Plaintiff's Complaint thus do not present claims that are separate and distinct from the ERISA claim presented in Count I, and "[t]o allow a plaintiff to reassert the same basis for relief under a different heading would circumvent the congressional purpose as manifested in the ERISA statutes." Powell v. Bob Downes Chrysler-Plymouth, Inc., 763 F.Supp. 1023, 1026, 1027 (E.D. Mo. 1991). See also Scritchfield v. Mutual of Omaha Ins. Co., 341 F.Supp.2d 675, 681 (E.D. Tex. 2004) (citation omitted) ("Relabeling state law claims as federal common law claims in order to avoid ERISA's pre-emptive effect is not allowed."). Counts II and III of Plaintiff's Complaint thus are preempted by ERISA and must be dismissed. Powell, 763 F.Supp. at 1027.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended

Petition (Doc. No. 16) is **GRANTED**, and Plaintiff's First Amended Petition is **DISMISSED** with prejudice. An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this 25th day of September, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE